Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>JOSÉ A. MARCANO VILLALONGO<br><br>Peticionario | KLCE202400812 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>F VI2006G0069<br><br>Por:<br>Art. 106 CP |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de septiembre de 2024.

El 23 de julio de 2024, el señor José A. Marcano Villalongo (en adelante, peticionario o señor Marcano Villalongo), presentó por derecho propio ante este Tribunal de Apelaciones, un recurso de *Certiorari*, intitulado *Apelación*. Por medio de este, el peticionario nos solicita la revisión de la *Orden* emitida el 20 de junio de 2024, notificada al próximo día, por el Tribunal de Primera Instancia, Sala Superior de Carolina. Mediante el referido dictamen, el foro primario declaró No Ha Lugar un escrito presentado por el peticionario, intitulado *Apelación al amparo Regla 192.1, 185 y lo que en derecho me cobije.*

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *Certiorari*.

### I

Conforme surge del expediente ante nos, el 26 de junio de 2007, el señor Marcano Villalongo fue sentenciado en ausencia a cinco (5) años de cárcel por infracción al Art. 108 del derogado Código Penal de 2012, 33 LPRA § 4736; una pena fija de diez (10)

Número Identificador

RES2024 _____

años por infracción al Art. 5.04 de la Ley de Armas de 2000, 25 LPRA § 458c, duplicado a veinte (20) años por el agravante dispuesto en el Artículo 7.03 de referida Ley, 25 LPRA § 460b; otra pena fija de cinco (5) años por el artículo 5.15 de la misma Ley de Armas de 2000, 25 LPRA § 458n, duplicado a diez (10) años, en atención al agravante previamente esbozado y, noventa (90) días de cárcel por infracción al Art. 235 del Código Penal de 2012, 33 LPRA § 4863.[1] Lo anterior, para una pena total de treinta y cinco (35) años y noventa (90) días de cárcel.

Así las cosas, el 8 de abril de 2024, el señor Rivera Villalongo instó un escrito ante el foro recurrido, intitulado *Apelación al amparo Regla 192.1, 185 y lo que en derecho me cobije.*[2] En esencia, el peticionario sostuvo que, el Art. 7.03 de la Ley de Armas de 2000, *supra*, el cual impone el agravante mencionado en el párrafo que antecede, resultaba en una disposición inconstitucional, puesto que, constituía un castigo cruel e inusitado, y violentaba la garantía constitucional contra la doble disposición. Por otro lado, manifestó que, la misma disposición constituía una ley *ex post facto*. A esos efectos, y a tenor con las Reglas 185 y 192.1 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 185; 34 LPRA Ap. II, R. 192.1, el señor Marcano Villalongo solicitó que, se corrigieran las sentencias emitidas con respecto a las infracciones a los artículos 5.04 y 5.15 de la Ley de Armas de 2000, *supra*, a los efectos de eliminar el agravante impuesto de conformidad al Art. 7.03, *supra*, del mismo cuerpo legal.

Atendido el referido escrito, el 20 de junio de 2024, notificada el 21 de junio de 2024, el Tribunal de Primera Instancia declaró el mismo No Ha Lugar.[3]

---

[1] Véase, anejos 2 y 2.1 del apéndice del recurso de *certiorari*.
[2] Apéndice del recurso de *certiorari*, págs. 1-17.
[3] Anejo 1 del apéndice del recurso de *certiorari*.

Inconforme con el referido dictamen, el 15 de julio de 2024, el peticionario suscribió el recurso de epígrafe, presentado ante este foro revisor el 23 de julio de 2024. Por medio de este, aunque no hace señalamiento de error, el señor Marcano Villalongo reitera los argumentos esbozados en su petición ante el foro primario.

Mediante *Resolución* interlocutoria, emitida el 22 de agosto de 2024, concedimos a la parte recurrida, por conducto de la Oficina del Procurador General, hasta el 18 de septiembre de 2024, para presentar su alegato en oposición.

En cumplimiento con lo ordenado, el 18 de septiembre de 2024, la parte recurrida por conducto de la Oficina del Procurador General presentó *Escrito en Cumplimiento de Orden.*

Contando con la comparecencia de ambas partes, procedemos a disponer del recurso ante nos.

**II**

### A. *Certiorari*

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009). Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo,* supra, pág. 372. La precitada Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[4]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró,* 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no

---

[4] 4 LPRA Ap. XXII-B, R. 40.

está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III**

En esencia, el peticionario sostiene que, el foro de instancia incidió al declarar sin lugar su solicitud de enmienda a la sentencia, al amparo de las Reglas 185 y 192.1 de las de Procedimiento Criminal.

Tras evaluar detenidamente el recurso presentado, colegimos que no procede la expedición del auto solicitado. Los señalamientos de error planteados por el señor Marcano Villalongo, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional en el caso de autos. La decisión recurrida no es manifiestamente errónea y encuentra cómodo asilo en la sana discreción del Tribunal de Primera Instancia.

**IV**

Por los fundamentos expuestos, se deniega la expedición del recurso de *Certiorari*.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta *Resolución* al confinado, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones